IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Breon J. Alexandre,<br><br>               Petitioner,<br>   v.<br><br>Warden, Lieber Correctional Institution,<br><br>               Respondent. | Case No. 0:25-cv-05626-RMG<br><br>**ORDER** |

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that the Court dismiss with prejudice Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, for lack of prosecution. (Dkt. No. 34). Petitioner was given notice that he had 14 days from the date of the R&R to file any objection, which, with three additional days for mailing, required the filing of objections on or before January 29, 2026. *Id*. at 3. The Court has received no objection. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses with prejudice Petitioner's habeas petition for lack of prosecution.

**I.    Background**

Petitioner, proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). On November 13, 2025, Respondent filed a return and motion for summary judgment. (Dkt. Nos. 26, 27). The Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), advising Petitioner of the dismissal and summary judgment procedures and the possible consequences if he failed to respond to Respondent's motion. (Dkt. No. 28). Notwithstanding the Magistrate Judge's warning, Petitioner failed to respond. (Dkt. No. 30, at 1). On December 19, 2025, the Magistrate Judge instructed Petitioner to confirm whether he

1

wished to continue this action and gave him an additional 14 days to file a response to Respondent's motion. *Id*. at 1-2. Petitioner was specifically advised that if he failed to respond, the Magistrate Judge would recommend this action be dismissed with prejudice for failure to prosecute. *Id*. at 2. Petitioner again failed to respond to Respondent's motion or comply with the Magistrate Judge's order. (Dkt. No. 34, at 2).

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the parties fail to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor

can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

### III. Discussion

After a careful review of the record and the R&R, the Court finds that the Magistrate Judge ably summarized the legal and factual issues in this matter and correctly concluded that Petitioner's habeas petition should be dismissed with prejudice for lack of prosecution.

### IV. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

### V. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 34) as the Order of the Court and **DISMISSES WITH PREJUDICE** Petitioner's habeas petition (Dkt. No. 1).

**AND IT IS SO ORDERED.**

                    s/ Richard Mark Gergel
                    Richard Mark Gergel
                    United States District Judge

February 3, 2026